UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| DAVID K. TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Civil Action No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| DEFLEXION, LLC, | ) ) | 1:06CV00075 |
| Defendant. | ) ) ) | |

## COMPLAINT

For its complaint against Defendant Deflexion, LLC, ("Defendant"), Plaintiff David K. Taylor ("Plaintiff") states as follows:

### THE PARTIES

1. Plaintiff David K. Taylor is a citizen and resident of North Carolina, and is regularly engaged in business in this judicial district.

2. Upon information and belief, Defendant Deflexion, LLC is a Louisiana limited liability company, and is regularly engaged in business in this judicial district.

### JURISDICTION AND VENUE

3. This action arises under the trademark laws of the United States. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1138.

4. This Court has personal jurisdiction over Defendant in that, upon information and belief, Defendant does business throughout North Carolina and in this judicial district. Furthermore, upon information and belief, Defendant has sold and continues to sell the infringing merchandise at issue in this judicial district.

5. Venue is proper in the Middle District of North Carolina pursuant to 28 U.S.C. § 1391.

**FACTS COMMON TO ALL CLAIMS**

6. On or about May 1992, Plaintiff adopted and continues to use the mark DEFLECTION alone and in conjunction with other word and design marks in interstate commerce throughout the United States in connection with the sale of board games.

7. Plaintiff owns a federal trademark registration (U.S. Registration No. 1,734,101) for the DEFLECTION trademark for use in connection with board games. The aforesaid registration is valid and subsisting on the Principal Register of the U.S. Patent and Trademark Office. A true and accurate copy of the Certificate of Registration for the DEFLECTION trademark is attached hereto as Exhibit A.

8. On November 18, 2004, Plaintiff filed an application with the U.S. Patent and Trademark Office to register the DEFLECTION trademark for use with electronic game programs. That trademark application is currently pending before the U.S. Patent and Trademark Office as U.S. Application Serial No. 78/519405.

9. Since the adoption and use of the DEFLECTION trademark, Plaintiff has advertised, promoted and sold board games bearing this mark. As a result, the consuming public and trade have come to recognize and do recognize the DEFLECTION marks as an indication of the source of Plaintiff's goods. Plaintiff derives substantial goodwill and value from its use of the aforesaid mark.

10. Notwithstanding Plaintiff's well-established rights as discussed above, Defendant has adopted and is prominently using the designation DEFLEXION to market and sell a board game in competition with Plaintiff.

2

11. Upon information and belief, with full knowledge of Plaintiff's rights, and with the intention of trading on the goodwill built up by Plaintiff, Defendant is using the designation DEFLEXION to identify its board games.

12. Defendant's use of the DEFLEXION mark is likely to cause confusion and deceive the consuming public as to the source, origin, or sponsorship of the goods offered by Defendant. Defendant's actions are likely to mislead the consuming public into believing that the goods offered by Defendant originate from Plaintiff, or that there is some connection between Plaintiff and Defendant, thereby causing Plaintiff irreparable harm.

13. Plaintiff and Defendant's goods are similar, and move through comparable or identical channels of trade to similar or identical classes of consumers. Consequently, Plaintiff and Defendant are in competition with respect to those goods.

14. Upon information and belief, Defendant has willfully and knowingly violated and infringed the rights of Plaintiff in its DEFLECTION trademark with the intention of deceiving and misleading customers, and Defendant has wrongfully traded on the goodwill and reputation of Plaintiff.

15. Defendant's conduct and practices have caused, and will continue to cause, irreparable harm for which there is no adequate remedy at law and for which Plaintiff is entitled to injunctive relief and damages.

16. Defendant's acts as alleged above are without license or consent of Plaintiff.

**COUNT I**
**Trademark Infringement (15 U.S.C. § 1114)**

17. Plaintiff incorporates herein the allegations of Paragraphs 1-16 above.

18. Defendant's DEFLEXION mark is confusingly similar to Plaintiff's federally registered DEFLECTION trademark, and Defendant's use of the DEFLEXION mark has caused, is causing, and will likely continue to cause confusion or mistake and to deceive consumers as to the origin, sponsorship and/or nature of goods sold.

19. Defendant's unauthorized use of a mark confusingly similar to Plaintiff's registered trademark constitutes infringement of Plaintiff's rights in and to that trademark in violation of 15 U.S.C. § 1114.

20. Upon information and belief, as a result of these unlawful activities, Defendant has or will receive substantial profits to which it is not entitled, and Plaintiff has or will suffer actual monetary damages, including lost profits and impairment of the value of the DEFLECTION trademark.

21. Upon information and belief, Defendant has acted with full knowledge of Plaintiff's rights and with the intention to usurp such rights. The aforementioned acts of Defendant are therefore intentional, willful, and were calculated to cause confusion, to cause mistake, or to deceive. As a result, Defendant should be held liable to Plaintiff for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

### COUNT II
### Federal Unfair Competition (15 U.S.C. § 1125(a))

22. Plaintiff incorporates herein the allegations of Paragraphs 1-21 above.

23. By offering goods in interstate commerce in connection with the DEFLEXION mark, Defendant has used in connection with its goods a false designation of origin, or a false or misleading description or representation of fact, that is likely to cause confusion, to cause mistake,

4

or to deceive others to believe that the goods offered by Defendant are made by, sponsored by, approved by, originate with, or are affiliated with Plaintiff.

24. Defendant's actions, as set forth above, constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

## COUNT III
## Common Law Trademark Infringement And Unfair Competition

25. Plaintiff incorporates herein the allegations of paragraphs 1-24 above.

26. As a result of the association by the public of Plaintiff's trademarks with Plaintiff and its goods, the use by Defendant of an identical mark in connection with its goods is likely to cause confusion, to cause mistake, and to deceive.

27. On information and belief, Defendant has utilized the DEFLEXION mark with full prior knowledge of Plaintiff's rights in and to the DEFLECTION trademark, and Defendant's use of a confusingly similar mark was and is for the willful and calculated purpose of trading on Plaintiff's goodwill and business reputation as embodied in and symbolized by Plaintiff's trademarks.

28. Defendant has marketed its goods in such a manner so as to inevitably suggest an association, affiliation, or sponsorship with, or approval by, Plaintiff.

29. Defendant's acts have caused, or are likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of the goods provided, all to the profit of Defendant and to Plaintiff's detriment.

30. Defendant's conduct constitutes infringement of Plaintiff's common law rights in and to Plaintiff's trademarks, and further constitutes common law unfair competition with Plaintiff.

5

WHEREFORE, Plaintiff prays for relief as follows:

1. That Defendant and those persons and entities in active concert or participation with Defendant, be temporarily, preliminarily, and permanently enjoined from:

   (a) Advertising, offering, or selling goods in the United States using the aforementioned infringing mark, or using any other designation, trademark, service mark, or trade dress which so resembles Plaintiff's DEFLECTION trademark as to be likely to cause confusion, deception or mistake;

   (b) Further infringing Plaintiff's DEFLECTION mark, or damaging Plaintiff's goodwill;

   (c) Otherwise using Plaintiff's DEFLECTION trademark in any unlawful or unfair manner; or

   (d) Otherwise competing unfairly with Plaintiff in any manner;

2. That Defendant be ordered to deliver up for destruction any and all materials in its possession, custody or control, including but not limited to, signs, packages, forms, advertisements, business cards, letterheads, circulars, hang tags, boxes and/or other representations and means for reproducing the same, that make reference to or use any designation or mark that is confusingly similar to Plaintiff's DEFLECTION trademark;

3. That Defendant be required to account for and pay over to Plaintiff three times all gains, profits and advantages derived by Defendant from the trademark infringement and unfair competition described herein;

4. That Defendant be required to pay over to Plaintiff three times all damages incurred by Plaintiff that are recoverable by law as a result of Defendant's trademark infringement and unfair competition described herein;

5. That Defendant be required to pay Plaintiff statutory damages;

6. For an award of reasonable attorney's fees and costs according to applicable law;

7. For an award of interest on each and every damage award; and,

8. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury of any issue so triable.

Respectfully submitted, this the 25th day of January, 2006.

*(signature)*

Charles A. Burke (N.C. State Bar No. 19366)
Robert D. Mason, Jr. (N.C. State Bar No. 29337)
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: 336-721-3625
Facsimile: 336-733-8416

*Attorneys for Plaintiff, David K. Taylor*